# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 21, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BONNIE PRIDDY,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1679**  (BOR Appeal No. 2046128)
(Claim No. 2006011328)

**RITE AID OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bonnie Priddy, by Kelly Elswick-Hall, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rite Aid of West Virginia, Inc., by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 14, 2011, in which the Board affirmed a June 17, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's April 7, 2009, decision granting Ms. Priddy a 0% permanent partial disability award for bilateral carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Priddy filed an application for workers' compensation benefits for bilateral carpal tunnel syndrome on September 13, 2009, and the claim was held compensable for bilateral carpal tunnel syndrome. Ms. Priddy has undergone four independent medical evaluations to determine the amount of permanent impairment resulting from her compensable injury. On March 21, 2009, Dr. Hoh found that Ms. Priddy sustained 0% whole person impairment as a result of her compensable bilateral carpal tunnel syndrome based on a finding that she has no sensory loss or motor nerve deficit in either arm. On August 4, 2009, Dr. Guberman found that she sustained

12% whole person impairment as a result of her compensable bilateral carpal tunnel syndrome. On January 28, 2010, Dr. Mukkamala found that Ms. Priddy has 6% whole person impairment for each upper extremity, but apportioned 3% for each upper extremity to her non-compensable risk factor of increased body mass index. He therefore found that she sustained 6% whole person impairment as a result of her compensable bilateral carpal tunnel syndrome. On November 4, 2010, Dr. Bachwitt found that Ms. Priddy sustained 4% whole person impairment as a result of her compensable bilateral carpal tunnel syndrome. On April 7, 2009, the claims administrator granted her a 0% permanent partial disability award for bilateral carpal tunnel syndrome.

In its Order reversing the April 7, 2009, claims administrator's decision, the Office of Judges held that Ms. Priddy is entitled to a 12% permanent partial disability award for bilateral carpal tunnel syndrome. Ms. Priddy disputes this finding and asserts that she is entitled to an increased permanent partial disability award for bilateral carpal tunnel syndrome.

There is no evidence of record indicating that Ms. Priddy is entitled to greater than a 12% permanent partial disability award. The Office of Judges found that the conclusions of Dr. Guberman are the most persuasive. The Office of Judges further found that the evidence of record does not comport with Dr. Hoh's and Dr. Bachwitt's findings regarding Ms. Priddy's sensory impairment. The Office of Judges noted that Dr. Mukkamala was the only physician to apportion for non-occupational factors, and found that he failed to sufficiently justify his apportionment. The Board of Review reached the same reasoned conclusions in its decision of November 14, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 21, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II